UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

UNITED STATES OF AMERICA,                  :

      -against-                                        :                18 CR 586 (ALC)

WAKIEM JOHNSON,                                  :

              Defendant.            :

------------------------------------------------------- x

SENTENCING MEMORANDUM, WITH REDACTED APPENDIX,
ON BEHALF OF WAKIEM JOHNSON

Defendant Wakiem Johnson respectfully submits this memorandum

regarding his sentencing, now scheduled for June 1, 2020.[1]

A. Introduction.

For the reasons set forth below, it is respectfully requested that the Court

impose upon Mr. Johnson a sentence of time-served, to be followed by three

years of supervised release, with a period of home confinement. This suggested

disposition is consistent with the Probation Department's recommendation and

there is no opposition to the further conditions of release to home confinement

---

[1] The parties and court staff are presently in discussions as to the format
of the sentencing proceedings as the Covid-19 emergency makes an in-person
proceeding not presently feasible. Mr. Johnson waives his right to be physically
present in the courtroom for sentencing purposes. It is his understanding that
members of his family, as well as the general public, will be able to access the
remote proceedings.

suggested by Probation in the final Pre-Sentence Report ("PSR") filed with the Court on January 8, 2020 ("PSR"). *See* PSR at pp. 25-31. Mr. Johnson accepts full responsibility for his conduct. This is his first conviction. He pleaded guilty to conspiracy to distribute and possession with intent to distribute a controlled substance. Specifically, he is responsible for approximately 90 pills of oxycodone.

It is also highly relevant to these proceedings that the time he has spent incarcerated at the Metropolitan Correctional Center has been under extraordinarily difficult and punitive conditions. MCC has been on virtually continual lockdown from the day Mr. Johnson was remanded for violations of his conditions of release on February 28, 2020. The initial lockdown was due to security concerns related to ongoing efforts by MCC staff to locate a loaded handgun smuggled into that institution. This was followed by the Covid-19 pandemic related shutdown. During the lockdown periods—ongoing to this day— MCC inmates are (and have been) confined to cells for virtually 24 hours a day, seven days a week, usually with another inmate; all legal and social visiting is canceled; hot meals are a rarity; inmates go without, recreation; and all are compelled to exist in a crowded environment where basic sanitation measures, such as regular showers, changes of clothing or bedding, and hand-washing and sanitizing options are unavailable. Inmates use communal toilets.

In essence, Mr. Johnson has already been punished significantly by circumstances beyond his control and over and above what one would expect under usual circumstances, even in a facility such as MCC. He has also lived in

daily fear of contracting the virus himself. To the extent that his revocation of supervised release had the effect of sending a message to Mr. Johnson regarding the nature of extended incarceration, this Court should rest assured that message was received. He never wants to again experience incarceration.

Two final factors, by way of introduction, are, first, that Mr. Johnson enjoys the support of his family and loved ones. As Probation noted, he has a significant support network to assist him in his efforts to re-join society as a productive and law-abiding member. (PSR at p. 26; see also the letters at A2-3; "A" to designate the redacted appendix to this publicly-filed motion.) And, second, he has achievable goals including earning his GED and securing a stable job. (PSR at *id.*; *see also* letter from the HOPE Program, A-1.)

It is respectfully submitted that when the Court considers all of the facts relevant to his sentencing, a sentence of time-served is "sufficient but not greater than necessary," to meet all of the sentencing goals embodied in 18 U.S.C. § 3553(a).

B.    Mr. Johnson's Personal History.

Wakiem Johnson is 27 years old. He is the oldest of six children and has several half-brothers and sisters. His parents separated when he was 12 years old and the family suffered finically after their separation. His father never provided child support and, while his mother worked several jobs to support the family, she later became disabled and received public benefits.

Mr. Johnson grew up in Bronx neighborhoods where violence was all too common. His sister, an innocent bystander, was shot in 2011 near the family's New York City Public Housing Authority building. Luckily, her injuries were not fatal.

When he was 9 years old, Mr. Johnson was referred for an evaluation because of his misbehavior at school. He was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD) and Bipolar Disorder.  He was prescribed medication and attended weekly counseling. When he was 12 or 13, Mr. Johnson was hospitalized at an inpatient mental-health facility for two weeks after expressing suicidal ideations. One has to pause at this point and wonder what there is about a 12 year-old's circumstances that would lead him to contemplate taking his own life.

When Mr. Johnson started high school, he attended weekly counseling sessions and was prescribed medication to treat his bipolar disorder and depression. However, shortly thereafter, he ceased mental-health counseling and no longer took any medications. While he initially attended Lewis & Clark School, located in the Bronx, he later transferred to the Foreign Language Academy of Global Studies (FLAGS) High School. FLAGS was shut down in 2016. In a February 2016 news article, FLAGS was described as having extremely low graduation rates" and "unable to provide its students with basic courses in math, English, science and social studies without supplemental funding." See Eddie Small, City Proposes Shutting Down Bronx Foreign

4

<u>Language School</u>, DNAInfo, Feb. 26, 2016, at https://www.dnainfo.com/new-york/20160225/mott-haven-city-proposes-shutting-down-bronx-foreign-language-school/.

Sadly, it hardly comes as a surprise that Mr. Johnson dropped out of high school in the 11th grade. Since dropping out of high school, Mr. Johnson has worked various jobs. He worked at a local church doing odd jobs for the parish. He also worked in maintenance and as a laborer for a roofing company.

While on bail in the instant case, Mr. Johnson earned several vocational certificates through the Sustainable South Bronx program, which provides vocational training to low-income residents, including: the 10-hour Occupational Safety Health Administration (OSHA) training; the 30-hour OSHA training; OSHA confined space training; fireguard training; OSHA scaffolding training; 4-hour flagging training; and cardiopulmonary resuscitation (CPR) training. On April 2, 2019, Johnson received a certificate of completion from EnviroEd LLC for a one-day course in "Renovator Initial." Appended to this memorandum is a letter from the program director. (A-1.)

     C.    <u>The Plea Agreement</u>.

On October 17, 2019, pursuant to a written plea agreement, Mr. Johnson pleaded guilty to Count Three of the Indictment, charging conspiracy to distribute and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C). The plea agreement contains a stipulated Guidelines range of 6 – 12 months, based on an offense level of 10 and a

Criminal History Category I. Mr. Johnson has one criminal history point from a youthful offender violation from when he was 17 years old.

      D.     <u>An Appropriate Disposition in this Case</u>.

Wakiem Johnson stands before the Court prepared to accept its sentence. He blames no one but himself for his conduct. He feels genuine remorse and looks forward to redeeming himself in the eyes of his loved ones and friends. He also recognizes that he has both mental health and substance abuse problems that he can no longer ignore.

Counsel respectfully submit that taken all together, the offense conduct, Mr. Johnson's personal history and all relevant circumstances all counsel in favor of a sentence of time-served, under the conditions proposed by Probation, "sufficient but not greater than necessary" than to meet the goals of sentencing.

      E.     <u>The Applicable Legal Standard</u>.

As the Court is well aware, the Sentencing Guidelines are advisory and while they serve as the starting point for a sentencing court's analysis, the inquiry does not end there. As noted in <u>Nelson v. United States</u>, 129 S. Ct. 890 (2009), where the Court summarily reversed the Fourth Circuit which had upheld a district court's application of a presumption of reasonableness to the guidelines:

> [t]he Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable.

*Id.* at 892 (emphasis in original). Thus, the guidelines are now only one factor to be considered in the formulation of a minimally sufficient individualized sentence.

When imposing sentence, the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)[2] in order to create an "individualized assessment" based on a defendant's particular circumstances. Gall vs. United States, 552 U.S. 38, 49-50 (2007); see also United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). The result is that "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." Cavera, 550 F.3d at 188.

The Court has ample discretion to impose a below-Guidelines sentence. See Kimbrough v. United States, 552 U.S. 85, 101-10 (2007). This is especially so since, as noted, the Guidelines are neither binding noir presumptively correct. In fashioning an individualized assessment, the Court may consider, and rely upon, any information available concerning the background, character, or conduct of

---

[2] The relevant factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed" to, inter alia: provide just punishment, deter criminal conduct, protect the public from any future crimes by thedefendant, and provide the defendant with rehabilitative training and treatment; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established" for the offense; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

the defendant. See Cavera, 550 F.3d at 189-91; see also 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense for which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

Moreover, in making an "individualized assessment," the Court is not only empowered to impose a sentence below the Guidelines range, it is required to do so where a lower sentence would be sufficient to comply with the purposes of Section 3553(a). See, e.g., United States v. Dorvee, 616 F.3d 174, 183-84 (2d Cir. 2010); United States v. Ministro-Tapia, 470 F.3d 137, 142 (2d Cir. 2006). This is consistent with the long-standing principle that a Court consider "every convicted person as an individual" and to uphold "the principle that the punishment should fit the offender and not merely the crime." Pepper v. United States, 562 U.S. 476, 487-88 (2011). In sum, the overarching task of a sentencing court is to fashion a sentence that is appropriate for the individual circumstances of the offense and the defendant, and is "sufficient, but not greater than necessary" to achieve the statutory goals of punishment, deterrence, and rehabilitation. 18 U.S.C. § 3553(a).

G.   A Review of the Section 3553(a) Factors Weighs in Favor of a Sentence of Time-Served.

Title 18 U.S.C. § 3553 provides that the Court should consider the need for the sentence it imposes "to reflect the seriousness of the offense, to promote

8

respect for the law, and to provide just punishment for the offense." 18 U.S.C. §
3553 (a)(2)(A). We respectfully submit that a sentence of time-served is an
appropriate punishment that will promote respect for the law. While narcotic
offenses are serious, here, the quantity of narcotics – 90 oxycodone pills –
drastically limits the size and scope of the conspiracy.

The second and third factors listed in 18 U.S.C. § 3553(a)(2) focus on
recidivism, both general and specific. Mr. Johnson is currently incarcerated at
the MCC. As noted, the conditions have been severe. Moreover, Mr. Johnson's
nineteen months of home detention have been extremely difficult and a
punishment its own right. See United States v. Doyle, 16-cr-506 (SDNY) (ALC)
(In sentencing the defendant to home detention the Court stated: "I think that
home detention, no matter how nice your home is, is punishment."), quote
available at https://www.newsday.com/news/new-york/lacy-doyle-tax-shelters-
1.22941544. The last nearly two years have been an everyday struggle for Mr.
Johnson and we believe he is at a low rate for recidivating.

Moreover, a lengthy sentence is not needed to achieve specific deterrence.
See Michael Tonry, Purposes and Functions of Sentencing, 34 Crime & Just. 1,
28 (2006) (Research has consistently shown that while the certainty of being
caught and punished has a deterrent effect, "increases in severity of
punishments do not yield significant (if any) marginal deterrent effects."); see
also Zvi D. Gabbay, Exploring the Limits of the Restorative Justice Paradigm:
Restorative Justice and White Collar Crime, 8 Cardozo J. Conflict Resol. 421,

447 (2007) ("[C]ertainty of punishment is empirically known to be a far better deterrent than its severity.").

Finally, 18 U.S.C. § 3553(a)(6) describes "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Mr. Johnson's co-defendant, Timothy Bynum, also pleaded guilty pursuant to 21 U.S.C. Section 841(b)(1)(C). Mr. Bynum received a below-Guidelines sentence of 5 months imprisonment and three years of supervised release with the special condition of 5 months of home detention. However, we note that given his Criminal History Category of III, Mr. Bynum's sentencing range of 10 -16 months was slightly higher than Mr. Johnson's stipulated Guidelines range. A sentence of time-served for Mr. Johnson would be consistent with Mr. Bynum's below-Guidelines sentence.

"[A] sentencing judge must have some understanding of the diverse frailties of humankind." United States v. Singh, 877 F.3d 107, 121 (2d Cir. 2017) (internal quotations and citation omitted). Moreover, "in deciding what sentence will be 'sufficient, but not greater than necessary' to further the goals of punishment, 18 U.S.C. § 3553(a), a sentencing judge must have a 'generosity of spirit, that compassion which causes one to know what it is like to be in trouble and be in pain.'" Id. (quoting Guido Calabresi, What Makes a Judge Great: To A. Leon Higginbotham, Jr., 142 U. Pa. L. Rev. 513, 513 (1993). Moreover, as discussed above, the Court should consider "every convicted person as an individual" and that "the punishment should fit the offender and not merely the

10

crime." Pepper, 562 U.S. at 487-88. Here, we submit that a sentence of time-served is appropriate for Mr. Johnson.

CONCLUSION

For all of the reasons set forth above, Wakiem Johnson respectfully requests that the Court impose a sentence of time-served followed by a term of supervised release under appropriate conditions.

Respectfully submitted,
/s/ David A. Ruhnke
David A. Ruhnke, Esq.
RUHNKE & BARRETT
47 Park Street
Montclair, NJ 07042
(973)744-1000 (phone); (973)746-1490 (fax)

/s/ Diane Ferrone
Diane Ferrone, Esq.
The Law Offices of Diane Ferrone PLLC
1740 Broadway, 15th Floor
New York, New York 10019
(646)337-9010 (phone); (212)401-0206 (fax)

Attorneys for Wakiem Johnson

Dated:    New York, New York
         May 24, 2020

CERTIFICATE OF SERVICE

I hereby certify that on the above date this memorandum, with attachments, was filed by utilizing the Court's ECF system, thereby effecting service on all parties.

/s/ David A. Ruhnke

One Smith Street          1647 Macombs Road
4th Floor                 Ground Floor
Brooklyn, NY 11201        Bronx, NY 10453



3/17/20

To whom it may concern,

Hello, my name is Daniel Castro and I am an employment specialist with The HOPE Program. This letter is in regards to Mr. Wakiem Johnson. Wakiem is a graduate of our workforce development and construction/maintenance training program, Sustainable South Bronx. He enrolled in the program on 2/19/2019 and successfully completed on 5/10/2019. Wakiem was an excellent student and received various industry recognized certifications as the OSHA 30hr construction, 4hr flagger and scaffold safety.  After graduating Wakiem was able to secure employment with a construction company called Bentzy Roofing. He has always demonstrated professionalism, positivity and good communication skills. Wakiem is still currently eligible for employment incentives, job search assistance, wellness services and career coaching through the HOPE program. I look forward to scheduling a follow up appointment with Mr. Johnson to discuss future opportunities. I can be reached anytime via phone or email, please feel free to reach out with any questions or concerns.

Thank you,
Kindly

Daniel Castro
The HOPE Program
Employment Specialist
Dcastro@thehopeprogram.org

March 17,2020

This letter is on the behalf of Wakiem Johnson

 I have known Wakiem for approximately 10 years first as a classmate and then as a friend and Significant other. Mr. Johnson and I met at school in the late year of 2012 on my journey to completing and achieving my High school equivalency Diploma. He has always displayed himself as hard working loving and caring. Wakiem has changed so much since I've met him, especially since he's been going through this case. He has grown into a strong Man over the years helping himself as well as others. Wakiem tends to try and help everyone else before himself which can get on my nerves sometimes but that's just who he is as a person and it comes so naturally. During his time being on house arrest Wakiem has sought employment which I am super proud of him for first completing his training in which he received many certifications for. During this all Wakiem has gone back to school to achieve his (HSE) High School Equivalency Diploma which he is scheduled to take early next month.

 Wakiem Johnson is a strong African American Man growing up in the South Bronx with all the challenges and life circumstances that can present being a black male in America. Like most city kids he has learned some hard lessons, but he understands well his strengths and His weaknesses. He remains determined to lead a good positive life by continuing his education and Building a meaningful career in construction Building maintenance. He's currently working At La Palestra as maintenance until he's able to achieve his HSE to move up in the Construction field. If you have any further questions, please do not hesitate to contact me at the number or email below.

Sincerely,

 Tanae Ryer

To whom it may concern

I am writing this letter on the behalf of my nephew Wakiem Johnson, I would like to speak on his character. I have known him all his life and watching him grow from an infant to a man has been my pleasure. Wakiem is a young man of moral character who treats others with courtesy and respect. He has the ability communicate clearly and concisely to convey his feelings and has had this skill set ever since he was young. Wakiem is one of eight children and is very helpful to his siblings as well as his mother. Wakiem is soft spoken and always has something pleasant to say when I am in his presence. When he walks into a room, he brightens it up with his smile and warmth towards others. I love the way he shows his care and concern for his family which is not often displayed with young men.

If you have any further questions about Mr. Wakiem Johnson, please feel free to contact me at

Yolanda I. Henderson R.N.